IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
MARIA ISABEL FERRER,              )
                                  )
          Plaintiff,              )
                                  )
     v.                           )    1:13cv797 (LMB/IDD)
                                  )
DANIEL MARTIN GARASIMOWICZ, et    )
     al.,                         )
                                  )
          Defendants.             )
```

## MEMORANDUM OPINION

This action arises from an encounter between plaintiff
Maria Isabel Ferrer ("Ferrer") and officers of the Virginia
State Police following a single-car accident in Arlington,
Virginia. On July 3, 2013, acting pro se, plaintiff filed suit
under 42 U.S.C. § 1983 against the Virginia State Police
("VSP"), Trooper Daniel Martin Garasimowicz ("Garasimowicz"),
and two John Does,[1] alleging that defendants violated her
constitutional rights during the encounter. See Am. Compl.
Although the Amended Complaint fails to specify, it appears
plaintiff is invoking her rights under the Fourth, Fifth, and
Fourteenth Amendments to be free from unlawful seizure and
deprivation of liberty without due process of law. See id.
¶¶ 48-49. Plaintiff also claims to have been the victim of

---

[1] The two John Does have not been served.

racial profiling in violation of her rights under the Fourteenth Amendment and certain federal statutes. See id. ¶¶ 29-35.

Both named defendants filed motions to dismiss on August 1, 2013, accompanied by a proper Roseboro notice. See Trooper Daniel Martin Garasimowicz's Mot. to Dismiss Am. Compl.; The Virginia State Police Department's Mot. to Dismiss Am. Compl. Plaintiff's response to defendants' motions was due by August 24, 2013. As of September 23, 2013, plaintiff had not filed a response nor had she requested an extension of time to file one. On September 24, 2013, the Clerk's Office received a motion from plaintiff in which she asks for court-appointed counsel because she has not been able to afford to retain counsel, and, by implication, appears to now seek additional time to respond.[2] See Mot. for Appointment of Counsel. Defendants oppose the motion to the extent it requests additional time to respond to their motions. See Resp. to Mot. for Appointment of Counsel.

The Fourth Circuit has limited the appointment of counsel in civil cases to those cases involving "exceptional circumstances," such as meritorious cases involving particularly

---

[2] Plaintiff's motion also instructs the Court not to send any documents to her address of record; however, plaintiff has failed to provide a new address, promising only to do so at some unspecified point in the future. This is in direct violation of Local Civil Rule 7(B), which provides that "[a]ll pleadings filed by non-prisoner litigants proceeding pro se shall contain an address where notice can be served on such person . . . ." As a result, the Court will continue to use plaintiff's address of record until a new address is provided.

complex factual or legal issues or where a litigant is unable to represent herself adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). In this case, plaintiff describes herself as a doctor, see Am. Compl. ¶ 19, which requires a high level of educational attainment and suggests an ability to sufficiently articulate her position. It is also clear from the Amended Complaint that there is no legal merit to plaintiff's claims. For the reasons discussed in more detail below, plaintiff's Motion for Appointment of Counsel will be denied, defendants' Motions to Dismiss Amended Complaint will be granted, and this civil action will be dismissed with prejudice.

## I.  BACKGROUND

According to the Amended Complaint, plaintiff, who describes herself as being of Latin descent, is a resident of Florida and New York, and is a citizen of Florida. Am. Compl. ¶ 10. On July 3, 2011, plaintiff was driving from New York to Florida when she drove her car into a closed HOV gate off the southbound lane of I-395 in Arlington, Virginia. Id. ¶ 15. Plaintiff alleges that her 1995 Mercedes sedan suffered "complete damage" to its windshield and front fascia. Id. Defendant Trooper Garasimowicz was the state trooper dispatched to the accident scene. When he arrived, plaintiff was out of her car, sitting on the pavement, using her phone to call relatives. Id. ¶ 18. Trooper Garasimowicz asked plaintiff for

3

her license, but she did not have it with her.  Id. ¶¶ 17-18.
As a result, he issued a traffic summons for driving without an
operator's license in her possession, in violation of Virginia
Code § 46.2-104.[3]  Trooper Garasimowicz also issued a traffic
summons for reckless driving, in violation of Virginia Code
§ 46.2-852, which is defined as a Class 1 misdemeanor.
Plaintiff was offered the opportunity to sign both summonses and
leave, but she refused.[4]  Plaintiff alleges that following her
refusal to sign the summonses Trooper Garasimowicz and other
unidentified law enforcement officers jumped on her,[5] handcuffed
her, and took her to the police station, where plaintiff was
refused admission because she needed medical attention.  Id.
¶¶ 19, 48-50.  She claims that defendants only then took her to
a hospital for treatment.  Id. ¶ 50.  Along the way, she was
subjected to unspecified racial taunts.  Id.

---

[3] A court may consider authenticated public records not attached
to a complaint without converting a Rule 12(b)(6) motion into a
motion for summary judgment.  Witthohn v. Fed. Ins. Co., 164 F.
App'x 395, 396-97 (4th Cir. 2006).
[4] Plaintiff failed to sign the part of the summonses in which a
person promises to appear.  The summonses advise in bold print:
"I promise to appear at the time and place shown above.  Signing
this summons is not an admission of guilt."
[5] The true number of officers present at the scene is something
of a mystery based on the allegations in the Amended Complaint.
For instance, plaintiff suggests that Trooper Garasimowicz and
the two John Does "participated in some way in the stop," see
Am. Compl. ¶ 22, but only alludes to a single "defendant" in
describing her actual arrest, see id. ¶ 48.

Plaintiff seeks monetary damages, injunctive and declaratory relief, and attorney's fees and costs.[6]

## II.   DISCUSSION

Both named defendants have moved to dismiss this civil action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.   The VSP has also moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction pursuant to the doctrine of sovereign immunity.

### A.   Standard of Review

Under Rule 12(b)(6), the Court must assume the facts alleged in the complaint are true and must draw all reasonable inferences in plaintiff's favor.   Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). "Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party, fail to state any cognizable claim for relief."   O'Ryan v. Dehler Mfg. Co., 99 F. Supp. 2d 714, 718 (E.D. Va. 2000).   In other words, to avoid dismissal, the factual allegations in the complaint, taken as true, "must be enough to raise a right of relief above the speculative level."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).   That means plaintiff must

---

[6]   A pro se litigant in an action brought under 42 U.S.C. § 1983, may not recover attorney's fees.   42 U.S.C. § 1988; see Kay v. Ehrler, 499 U.S. 432, 438 (1991).

"nudge[] [her] claims across the line from conceivable to plausible." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Under Rule 12(b)(1), the Court must dismiss the action if it finds subject-matter jurisdiction lacking. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). The burden of proof rests with plaintiff to establish that such jurisdiction exists. Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 370-71 (4th Cir. 2012).

## A. Subject-Matter Jurisdiction

The VSP argues that it is entitled to sovereign immunity under the Eleventh Amendment as an agency of the Commonwealth of Virginia. See The Virginia State Police Department's Br. in Supp. of Mot. to. Dismiss Am. Compl. at 7-9. It is well established that the Eleventh Amendment bars suit in federal court by a private citizen against an unconsenting state. See Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Hans v. Louisiana, 134 U.S. 1 (1890). It is also well established that sovereign immunity extends to arms of the state, including a state's agencies, divisions, departments, and officials. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); Bockes v. Fields, 999 F.2d 788, 790 (4th Cir. 1993).

Plaintiff does not seriously dispute that the VSP is in fact an arm of the state for purposes of the Eleventh Amendment.  Nor does plaintiff dispute that the VSP has not consented to suit here.  Therefore, the Court lacks the power to exercise subject-matter jurisdiction over this action insofar as it is brought against the VSP,[7] and the claims in the Amended Complaint against the VSP will be dismissed with prejudice.

For similar reasons, plaintiff's claims against Trooper Garasimowicz, to the extent they are against him in his official capacity, will also be dismissed with prejudice because he is entitled to sovereign immunity as an officer of the state.  See Pennhurst, 465 U.S. at 101-02; Bockes, 999 F.2d at 790.  To the extent plaintiff seeks monetary relief, there can be little doubt that an official like Trooper Garasimowicz acting in his official capacity is not considered a "person" within the meaning of § 1983, Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989), leaving intact the Eleventh Amendment's bar to being sued.  To the extent plaintiff seeks injunctive relief, Trooper Garasimowicz is not the appropriate official to name in this action.  Although sovereign immunity does not preclude official-capacity suits against state officials for injunctions only, id. at 71 n.10 (citing Ex Parte Young, 209 U.S. 123, 159-

---

[7] The Eleventh Amendment is "a block on the exercise of [subject-matter] jurisdiction," Biggs v. Meadows, 66 F.3d 56, 60 (4th Cir.1995), rather than a true limit on it.

60 (1908)), such a suit must be brought against an official who has authority to grant the relief sought.  In other words, plaintiff must seek relief from a state official who possesses "final policymaking authority" to effect the change she intends. Cf. Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989). Trooper Garasimowicz has no such authority.

### B.  Failure to State a Claim

Both defendants argue that plaintiff's claims fail under Rule 12(b)(6) in any event.  See Trooper Daniel Martin Garasimowicz's Br. in Supp. of Mot. to Dismiss Am. Compl. at 7-18; The Virginia State Police Department's Br. in Supp. of Mot. to. Dismiss Am. Compl. at 10-14.  Read generously, the Amended Complaint makes two claims: that defendants violated plaintiff's Fourteenth Amendment right to equal protection of the laws by profiling her based on her race and that defendants violated plaintiff's Fourth Amendment right to be free from illegal seizure and excessive force in the course of the arrest. Plaintiff does not allege sufficient facts to support either claim.

Plaintiff's racial-profiling claim under the Fourteenth Amendment is a nonstarter.  See Am. Compl. ¶¶ 29-35.  None of the factual allegations, even construed liberally, so much as hint at racial profiling here.  Plaintiff admits that her encounter with Trooper Garasimowicz began as a result of her

collision with the HOV gate rather than a discretionary traffic stop. Id. ¶¶ 15-18. Moreover, it is uncontested that plaintiff's conduct during and after the accident violated multiple Virginia laws, see supra, providing Trooper Garasimowicz with sufficient probable cause to arrest her. Plaintiff's subsequent refusal to sign the traffic summonses also gave Trooper Garasimowicz reason to believe this out-of-state driver would not appear for trial, see id. ¶¶ 18-19, and further justified his decision to arrest her. On these facts, plaintiff cannot make out a viable equal protection claim. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that [s]he has been treated differently from others with whom [s]he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.").

Plaintiff's attempt to make out an illegal seizure or excessive force claim under the Fourth Amendment fares no better for a number of reasons. First, as discussed above, the Amended Complaint makes clear that Trooper Garasimowicz had probable cause to arrest plaintiff based on her refusal to sign the summonses. See Maryland v. Pringle, 540 U.S. 366, 370 (2003) (noting that the Fourth Amendment does not prohibit "[a] warrantless arrest of an individual in a public place for

a . . . misdemeanor committed in the officer's presence" if
supported by probable cause). Second, the facts alleged fail to
show that Trooper Garasimowicz and any other officers on the
scene acted in an objectively unreasonable manner in effecting
the arrest. See Jones v. Buchanan, 325 F.3d 520, 532 (4th Cir.
2003) (noting that "all claims of excessive force in the course
of any seizure . . . must be analyzed under an 'objective
reasonableness' standard" (quoting Graham v. Connor, 490 U.S.
386, 396-97 (1989)). From the Amended Complaint, it is clear
that plaintiff was uncooperative and actively resisted arrest
before the officers finally "managed to handcuff her." See Am.
Compl. ¶¶ 48-49. Third, plaintiff alleges no physical injuries
stemming from the arrest. See Jones, 325 F.3d at 527 ("The
extent of the plaintiff's injury is also a relevant
consideration."). Finally, plaintiff's guilty plea, which was
entered on January 26, 2012, to a lesser charge of failing to
pay full time and attention[8] is unequivocal evidence of the
legitimate basis for the officers' actions. See Trooper Daniel
Martin Garasimowicz's Mot. to Dismiss Am. Compl. Ex. A. For
these reasons, all claims of constitutional violations against
Trooper Garasimowicz will be dismissed.

---

[8] Operating a motor vehicle "without giving . . . full time and
attention" is a misdemeanor offense under Arlington County Code
§ 14.2-16. Plaintiff was also ordered to pay a $50 fine as part
of her guilty plea.

10

In addition to alleged violations of her constitutional
rights, plaintiff also claims that defendants violated her
rights under four federal statutes; however, none of the
statutes apply to this case.

First, plaintiff invokes a federal criminal statute, 18
U.S.C. § 241, which prohibits conspiring to violate an
individual's federal constitutional or statutory rights.   That
statute plainly does not provide a private right of action for
damages.  See Doe v. Broderick, 225 F.3d 440, 447-48 (4th Cir.
2000) (noting as a general matter that criminal laws cannot be
used as a basis for a private civil action).  Therefore,
plaintiff's claim under the statute must be dismissed.

Second, plaintiff invokes 42 U.S.C. § 14141, which
prohibits any governmental authority or agent from engaging in a
pattern or practice of conduct that deprives an individual of
federal constitutional or statutory rights.  As defendants
correctly observe, the Amended Complaint fails to allege facts
that plausibly claim a pattern or practice of discriminatory
conduct or racial profiling.  Even more devastating to
plaintiff's claim is the statute's limitation as to who may sue
under it.  42 U.S.C. § 14141(b).  Only the Attorney General of
the United States, rather than a private citizen like plaintiff,
is authorized to bring suit.  Id. ("Whenever the Attorney
General has reasonable cause to believe that a

11

violation . . . has occurred, the Attorney General . . . may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.").

Third, after a rambling description of a federally financed drug interdiction program called "Operation Pipeline," the Amended Complaint alleges that defendants engaged in racial profiling as part of this program, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), which prohibits racial discrimination in any federally funded program. As explained above, however, plaintiff was not subjected to a traffic stop, but only came to Trooper Garosimowicz's attention after her car struck an HOV gate. See Am. Compl. ¶¶ 15-18. Any claim of profiling is therefore totally meritless. Because none of the facts alleged in the Amended Complaint support a Title VII claim, it will be dismissed.

Lastly, plaintiff alleges a violation of 42 U.S.C. § 3789d(c), which, among other things, bars law enforcement officers from engaging in a conspiracy to discriminate based on race. Plaintiff pleads no additional facts in support of this allegation. Accordingly, she fails once more to state a claim upon which relief can be granted.

### III.   CONCLUSION

For the reasons discussed above, plaintiff's Motion for Appointment of Counsel will be denied and the Amended Complaint

will be dismissed with prejudice by an Order to be issued with this Memorandum Opinion.

Entered this 27ᵗʰ day of September, 2013.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

13